NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSHUA ROGERS,

    Plaintiff,

    v.

BOWFLEX, INC and EPIQ CORPORATE RESTRUCTURING, LLC,

    Defendants.

No. 25cv1482 (EP) (CLW)

**OPINION**

**PADIN, District Judge.**

*Pro se* Plaintiff Joshua Rogers brings this action against Defendants Bowflex, Inc. and Epiq Corporate Restructuring, LLC. D.E. 1 ("Complaint" or "Compl."). Plaintiff also seeks to proceed *in forma pauperis*. D.E. 2 ("IFP Application"). Because Plaintiff demonstrates financial need, the Court will **GRANT** his IFP application. The Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will **DISMISS** the Complaint *without prejudice* for failure to state a claim.

I.    BACKGROUND[1]

Although it is not entirely clear to the Court,[2] the Complaint seems related to a bankruptcy case in the U.S. Bankruptcy Court for the District of New Jersey.[3] Compl. Plaintiff appears to

---

[1] For ease of reference, the Court uses the page ID number listed at the top of the document on CM/ECF.
[2] The Court struggles to read Plaintiff's handwriting or discern the intended meaning of most of his claims.
[3] Case No. 24-cv-12364. To the extent that this case is related, Plaintiff may wish to pursue his claims within that Court.

dispute the certificate of service in said case, arguing that it was improper because it was "never delivered nor allowed based on the validity of [...] the claim." *Id.* at 5.

Plaintiff filed the Complaint and his IFP Application in the United States District Court for the Southern District of New York on November 12, 2024. *See* Compl. Plaintiff filed his IFP Application the same day. IFP Application. On November 26, 2024, this case was transferred to this Court. D.E. 5.

## II.     LEGAL STANDARD

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). However, courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. [4] 28 U.S.C. § 1915(e)(2)(B). Under the screening determination, complaints may also be dismissed for failure to state a claim. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under Section 1915(e)(2)(B)).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555

---

[4] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.") (internal quotation marks omitted).

(internal citation omitted). When construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

III. ANALYSIS

    A. **The Court Will Grant Plaintiff's IFP Application**

Plaintiff declares that he has no income and has $1505 of monthly expenses. IFP Application at 2. Because Plaintiff sufficiently establishes his inability to pay, the Court will **GRANT** his IFP Application.

    B. **Plaintiff Fails to State a Claim**

Even construing the Complaint liberally, however, Plaintiff fails to state a claim. As stated above, it is not clear to the Court what Plaintiff is attempting to allege or what cause of action he brings. The most the Court can discern is that Plaintiff is disputing the certificate of service in an unrelated bankruptcy proceeding. Compl. at 5. Because Plaintiff does not state what claim he seeks to pursue, and the Complaint overall lacks specifics and any relevant legal principle, the Court will **DISMISS** the Complaint ***without prejudice***.[5]

---

[5] In addition, it appears that Plaintiff even fails to meet Rule 8(a)(2)'s pleading standard, which requires that a complaint provide a "short and plain statement of [each] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A court may dismiss a complaint for failure to comply with [Rule 8a] if it 'is so confused, ambiguous, vague, or otherwise intelligible that its true substance, if any, is well disguised.'" *De La Cruz v. Crosscounty Mortg. LLC*, No. 24-605, 2024 WL 5165387, at *4 (D.N.J. Dec. 18, 2024) (quoting *Tillio v. Northland Grp. Inc.*, 456 F. App'x 78, 79 (3d Cir. 2012) (per curiam)).

3

IV. **CONCLUSION**

For the foregoing reasons, the Court will **GRANT** Plaintiff's IFP application and **DISMISS** the Complaint *without prejudice* for failure to state a claim. The Court will allow Plaintiff **45 days** to file an amended complaint that cures the deficiencies set forth herein.

Dated: April 8, 2025

*/s/ Evelyn Padin*
Evelyn Padin, U.S.D.J.